IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARKER HANNIFIN CORP., ) | CASE NO. 1:19-CV-00617-PAB |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PAMELA A. BARKER |
| vs. ) | |
| ) | MAGISTRATE JUDGE |
| STANDARD MOTOR PRODUCTS, INC., ) | JONATHAN D. GREENBERG |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| ) | |

This matter has been referred to the undersigned concerning an expert witness discovery dispute between the parties. (Doc. No. 66.) For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel (Doc. No. 78).

### I.   Factual Background

The parties' discovery dispute concerns a total of seven requests for production propounded on Peter Nova (Request Nos. 18, 20, and 30 of Plaintiff's October 14, 2021 subpoena to Mr. Nova) and Marte Bassi (Request Nos. 18-21 of Plaintiff's October 14, 2021 subpoena to Mr. Bassi). (Doc. Nos. 78, 78-1, 78-2.) The parties are not as far apart in their dispute as it may appear on the surface. Defendant argues it is entitled to any and all information responsive to these requests, "in unredacted form, notwithstanding any claims of privilege that Parker may otherwise advance." (Doc. No. 78 at 3.) Plaintiff agrees Defendant is entitled to some of the requested information but maintains it only must produce "all information reflecting facts or data sent, received or drafted" by Mssrs. Nova and Bassi, while redacting "all mental impressions, opinions or theories of Parker's counsel as well as otherwise privileged information that does not constitute facts or data sent, received, or drafted by him relating to [their] opinions." (Doc. No. 82 at 9.) Because of the

1

volume of Mr. Bassi's files, Plaintiff also proposed Defendant provide a list of proposed search terms to narrow the universe of documents for production. (*Id.*) Plaintiff represents that Defendant agreed to provide a list of search terms but did not do so. (*Id.*)

As a result of a computer failure suffered by Mr. Nova in December 2020, the parties agreed that Defendant would limit the requests at issue to the documents contained in Plaintiff's privilege log. (*Id.*)

## II. Law and Analysis

In 2006, the Sixth Circuit adopted the majority opinion that "[Fed. R. Civ. P.] 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts." *Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 717 (6th Cir. 2006).

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), when an expert witness is "retained or specially employed to provide expert testimony in the case," the expert witness must prepare a report for disclosure to the adverse party that includes, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." The phrase "facts or data" is a change from the pre–2010 rule, which referred to "data or other information." *See* Fed. R. Civ. P. 26 Advisory Committee's Note to 2010 Amendments ("2010 Ad. Comm. note") (stating that the 2010 amendment is intended to "limit the expert report to facts or data (rather than 'data or other information,' as in the current rule) considered by the witness"). The Advisory Committee clarified the intent of the change:

> Rule 26(a)(2)(B)(ii) is amended to provide that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993. **This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports.** The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney-expert communications.

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

2010 Ad. Comm. Note (emphasis added). "The 2010 amendment was, in essence, an effort to reign in courts that had held that the disclosure requirement of Rule 26(a)(2)(B) trumped all claims of privilege, such as *Regional Airport Authority of Louisville v. LFG, LLC*, 460 F.3d 697, 717 (6th Cir. 2006) (adopting the 'overwhelming majority' approach that 'Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts.')." *Yeda Research & Dev. Co. v. Abbott GmbH & Co. KG*, 292 F.R.D. 97, 104–05 (D.D.C. 2013); *Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-CV-02082-APG, 2013 WL 5332410, at *16 (D. Nev. Sept. 23, 2013) ("The amendment was specifically intended to 'alter the outcome in cases that relied on the 1993 formulation in requiring the disclosure of all attorney-expert communications and draft reports.'"). "The bright-line rule is no longer valid; attorneys' 'theories or mental impressions' *are* protected, but everything else is fair game." *Yeda*, 292 F.R.D. at 105 (emphasis in original). *See also Great-W. Life*, 2013 WL 5332410, at *16 ("the rule is 'designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery.")." As other courts have clarified, the 2010 amendments "were intended to 'exclud[e] theories or mental impressions *of counsel*' from discovery, 2010 Ad. Comm. note (emphasis added), not theories or mental impressions of *experts*." *Yeda*, 292 F.R.D. at 112 (emphasis in original).

However, the word "considered" is unchanged; thus, cases interpreting its meaning remain valid. *Yeda*, 292 F.R.D. at 105. "For Rule 26 purposes, a testifying expert has 'considered' data or information if the expert has read or reviewed the privileged materials before or in connection with

3

formulating his or her opinion." *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 537 (N.D. Ohio 2008) (internal citation and quotation marks omitted). *See also Euclid Chem. Co. v. Vector Corrosion Technologies, Inc.*, No. 1:05 CV 80, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007) ("Rather, the courts have embraced an objective test that defines 'considered' as anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed.") (footnotes omitted). This is true regardless of whether the "expert report ultimately refers to those materials as a basis for his or her opinions." *In re Davol, Inc.*, Case No. 3:18-md-2846, 2021 WL 2280657, at *2 (S.D. Ohio June 4, 2021) (quoting *United States v. Am. Elec. Power Serv. Corp.*, Case Nos. 2:99-cv-1182, 2:99-cv-1250, 2006 WL 3827509, at *1 (S.D. Ohio Dec. 28, 2006)).

"The burden of showing that an expert did not consider certain documents in forming his opinion rests with the party resisting the disclosure." *Thieriot v. Jaspan Schlesinger Hoffman LLP*, No. CV 07-5315 TCP AKT, 2011 WL 4543308, at *4 (E.D.N.Y. Sept. 29, 2011) (citation omitted). "Although an expert's representation as to whether or not he considered a document is not controlling, his testimony that he did not receive, read, review, or author a document will negate discovery absent persuasive evidence to the contrary." *Euclid Chem. Co.*, 2007 WL 1560277, at *4 (citing *Amway Corp. v. The Proctor & Gamble Co.*, Case No. 1:98CV726, 2001 WL 1877268, at *1 (W.D. Mich. Apr. 17, 2001)). "The burden can be met when the party opposing disclosure provides the court 'with affidavits and deposition testimony 'clearly establishing' that the testifying witness never read, reviewed, or considered the subject documents in forming his opinions.'" *Thieriot*, 2011 WL 4543308, at *4 (citations and internal quotation marks omitted). Ambiguities regarding whether an expert considered a document "are resolved in favor of discovery." *In re Davol, Inc.*, 2021 WL 2280657, at *2 (citing *W. Res., Inc. v Union Pac. R.R. Co.*, Case No. 00-2045-CM, 2012 WL 181494, at *16 (D. Kan. Jan. 31, 2002)) (additional internal citations omitted).

Under the 2010 amendments[1] and the relevant case law discussed above, and as agreed to by Plaintiff, Defendant is entitled to any facts, data, and assumptions considered by Mssrs. Nova and Bassi related to their expert opinions. Anything containing "factual ingredients" considered by these experts and related to their expert opinions must be produced. In addition, Defendant is entitled to any mental impressions or theories of Mssrs. Nova and Bassi (as opposed to the mental impressions or theories of counsel) reflected in documents considered by these experts and related to their expert opinions, as these are not protected from disclosure by the 2010 amendments. Therefore, Plaintiff must evaluate any documents responsive to the seven requests for production at issue in light of this Court's Order and timely produce any such documents.

### III. Conclusion

For all the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel (Doc. No. 78).

IT IS SO ORDERED.

Date: December 7, 2021

    *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

---

[1] Defendant argues the 2010 amendments are irrelevant, as it is not seeking any communications between counsel and Mssrs. Nova and Bassi after Mssrs. Nova and Bassi became experts in this case. (Doc. No. 78 at 9.) Defendant relies on *Doe v. Hamilton Cty. Bd. of Ed.*, Case No. 16-CV-737, 2018 WL 542971, at *2 (E.D. Tenn. Jan. 24, 2018) for the proposition that "a party's 'belated designation [of an attorney] as an expert witness does not permit retroactive application of the disclosure protections of Fed. R. Civ. P. 26(b)(4)(C).'" (*Id.*) While accurate, the court in *Doe* went on to analyze the documents at issue under attorney-client privilege and the work product doctrine, finding that to the extent attorney-client privilege applied to the documents at issue, it had been waived, and that the work product doctrine effectively had also been waived. *Doe*, 2018 WL 542971, at **2-4. Defendant makes no argument here, and the Court shall not make such arguments for it.